## Haynes v. Heard.

A party to an action to whom an interrogatory is propounded by his adversary, may state in his answer any matter pertinent to the issue, and clearly connected with the facts which his adversary is seeking to establish. The answer may be qualified by the statement of facts which would prevent the consequences of an absolute and unqualified answer.

Where, in an action on a note which is silent as to the rate of interest, a party, for the purpose of recovering a higher rate of interest than would be due on a note made in this State, interrogates his adversary as to whether the note was not executed by him in anot her State, the latter may mention in his answer, after denying that the note was made by him in the State indicated, that the consideration for which the note was given had failed, or that no consideration ever existed. *Per Curiam:* The purpose of the interrog atory being to subject defendant to a liability for a higher rate of interest, a fact going to repel that liability, by invalidating the contract, is within the fair scope of the rule.

APPEAL from the District Court of Union, *Copley*, J. *Bailey* and *McGill* for the plaintiff. *W. J. Q. Baker*, for the appellant, cited 9 Rob. 173. 1 La. 196. 6 Mart. N. S. 706. Evans' Pothier, p. 445, nos. 826, 827. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought upon a note of the following tenor:

" One day after date I promise to pay *Thomas Haynes*, or bearer, $833 33, for value received.

November 3, 1841.                            WILLIAM C. HEARD."

The plaintiff alleged in his petition that the note was made by the defendant, in the State of Alabama, and that eight per cent per annum is the legal rate of interest in said State upon promissory notes after they become due and payable' when no rate of interest is expressed. The prayer was for judgment for the amount of the note and eight per cent interest. The plaintiff accompanied his petition with the following interrogatory to the defendant. " Was, or was not, the note sued upon made by you in the State of Alabama ? " The defendant admitted in his answer that he made the note, but pleaded the general issue to all the other allegations of the petition. He also specially pleaded that he was induced to sign the note by fraud practiced on him by the plaintiff, and that the consideration of the note had failed. Other special matters of defence were pleaded in the answer, together with a reconventional demand. The defendant answered the interrogatory as follows. " The note sued was not made by me in the State of Alabama. But I made it. But at the time I made it, I had already paid the plaintiff, *Thomas Haynes*, and those to whom he had trans-ferred my notes, at least $2000 more than ever I had received consideration for ; and the consideration for which the note sued on was made has entirely failed."

In *Rogers* v. *Parmetti*, the plaintiff called on the defendant to say, whether the signatures affixed to the notes on which the suit was brought had not been written by him. The defendant answered that they were, but that he had never received any legal, valuable, or good consideration therefor. The court held that the portion of the answer alleging failure of consideration was errone-ously stricken out. 1 Mart. N. S. 382. This decision was, it is true, based upon the Code of 1808, and the ancient practice of the courts of Spain. In *Nichols* v. *Peirce*, 6 Mart. N. S. 705, which was decided nnder the Code of Practice, the plaintiff being asked whether he had not agreed with the defendant to erect

an engine upon a lot of ground and put the same in operation as a saw-mill, answered that he had ; but that the defendant, having failed to comply with the contract, by furnishing the lot of ground, they had both agreed to recede from the agreement. It was held that the plaintiff was properly permitted to offer his answers in evidence. In *Glasgow* v. *Stevenson*, the party to whom interrogatories had been put with the object of establishing the existence of a bill of exchange, was permitted, in his answer, to state its loss. 6 Mart. N. S. 569. See also 1 La. 697. C. P. 353.

The principle upon which these decisions rest is, that the answers objected to were pertinent to the issue, and clearly connected with the facts which the adversary sought to establish ; and that the party had the. right to qualify the answer he was called upon to make, by stating facts which prevented the consequence of absolute and unqualified answers.

In the present case the manifest object of the plaintiff's interrogatory was, to establish a basis for the claim of eight per cent interest, upon an instrument which, without the evidence proposed to be elicited by the answer, would have been presumed to fall under our own law, and bear only five per cent. The purpose of the interrogatory being to impose such a liability, a fact going to repel that liability, by invalidating the contract, was within the fair scope of the rule.

The case of *Williams* v. *Vance*, 2 An. 908 has been cited as recognizing an op-posite rule. We think otherwise. The interrogatory there was: " Has not the amount of said note been demanded of you since maturity." The court considered the interrogatory as going to the question of costs dependent upon " the amicable demand before suit." An affirmative answer that a sum of money had been demanded from the defendant, would not imply the existence of a liability for its amount.

Being, therefore, of opinion that the court below erred in striking out that portion of the defendant's answer which implied a liability upon the note, we must remand the cause.

It is, therefore, decreed that, the judgment of the court below be reversed ; and that this cause be remanded for further proceedings according to law ; the plaintiff paying the costs of this appeal.